UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
MICHAEL A. CRABTREE, as CHIEF EXECUTIVE    )
OFFICER OF THE CENTRAL PENSION FUND        )
OF THE INTERNATIONAL UNION OF OPERATING    )
ENGINEERS AND PARTICIPATING EMPLOYERS      )
4115 Chesapeake Street, N.W.               )
Washington, D.C. 20016,                    )
                                           )
                            Plaintiff,     )
                                           )
        v.                                 )
                                           )
CAO-DAC CORPORATION                        )
500 Giles Place                            )
Sterling, Virginia 20164,                  )
                                           )
        Serve: Registered Agent Iris I. Gonzalez  )
        500 Giles Place                    )
        Sterling, Virginia 20164,          )
                                           )
                            Defendant.     )
```

**COMPLAINT**

**(TO COLLECT CONTRIBUTIONS AND DAMAGES
DUE TO EMPLOYEE BENEFIT FUND)**

Plaintiff, pursuant to Federal Rule of Civil Procedure 8(a), hereby alleges the following:

**PARTIES**

1. Plaintiff, Michael A. Crabtree, is the Chief Executive Officer of the Central Pension Fund of the International Union of Operating Engineers and Participating Employers ("Central Pension Fund"). The Central Pension Fund is an employee benefit plan as that term is defined in Section 3(1) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1002(1). The Central Pension Fund is a

multiemployer plan as that term is defined in Section 3(37) of ERISA, 29 U.S.C. § 1002(37). The Central Pension Fund was established and is maintained in accordance with its Restated Agreement and Declaration of Trust. The Central Pension Fund is administered by the Trustees at 4115 Chesapeake Street, N.W., Washington, D.C. 20016. The Plaintiff is a designated fiduciary in accordance with the Central Pension Fund's Restated Agreement and Declaration of Trust and as defined in Section 3(21) of ERISA, 29 U.S.C. § 1002(21).

2. Defendant, Cao-Dac Corporation, is a Virginia corporation and has a place of business at 500 Giles Place, in Sterling, Virginia, and at all times relevant to this action has been an "employer in an industry affecting commerce" as defined in Sections 3(5), (9), (11), and (12) of ERISA, 29 U.S.C. §§ 1002(5), (9), (11) and (12), and Section 3 of the Multi-Employer Pension Plan Amendments Act of 1980, 29 U.S.C. §§ 1001a.

## JURISDICTION AND VENUE

3. This is an action to collect contributions due to an employee benefit plan under the terms of collective bargaining agreements. This Court has subject matter jurisdiction of this action under §§ 502(a)(3), (g) and 515 of ERISA, 29 U.S.C. § § 1132(a)(3), (g) and 1145.

4. This Court has personal jurisdiction over the Defendant pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2).

5. Venue is proper in this district pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2).

## FACTS

6. Defendant has been bound at all relevant times to collective bargaining agreements with the International Union of Operating Engineers Local Union No. 99 and a Participating Agreement ("Collective Bargaining Agreement") that govern the wages, benefits and terms and conditions of employment of covered employees such as apprentices and journeymen performing work covered by the Collective Bargaining Agreement.

7. Pursuant to the Collective Bargaining Agreement, Defendant agreed to pay to the Plaintiff certain sums of money for each hour worked by those employees of the Defendant performing work covered by the Collective Bargaining Agreement.

8. Between the period of October 2017 through July 2018, Defendant employed employees performing work under the Collective Bargaining Agreement.

9. During various months within the period of October 2017 through July 2018, the Defendant failed to pay all contributions owing to the Plaintiff.

10. Pursuant to the Plaintiff's Restated Agreements and Declarations of Trust, an employer who fails to pay required contributions is liable for liquidated damages in the amount of 20% of the total contributions owed.

11. Pursuant to the Plaintiff's Restated Agreements and Declarations of Trust an employer who fails to pay required contributions is liable for interest at the rate of 9% per annum.

12. Pursuant to the Plaintiff's Restated Agreements and Declarations of Trust an employer who fails to pay required contributions is liable for all attorneys' fees, audit fees and costs.

13. The Plaintiffs will seek a judgment in this action against the Defendant for all contributions, interest, liquidated damages, audit costs and attorneys' fees and costs which become due, or are estimated to be due, subsequent to the filing of this action, during the pendency of this action, and up to the date of judgment.

## COUNT I

### (UNPAID CONTRIBUTIONS AND DAMAGES TO EMPLOYEE BENEFIT FUND PURSUANT TO AUDIT FINDINGS)

14. Plaintiff hereby restates and incorporates by reference the allegations set forth in paragraphs 1 through 13 as if fully set forth in this Count I.

15. In or around December 2018, the certified public accounting firm Calibre CPA Group, PLLC completed a payroll audit of the records supplied by the Defendant for a job location associated with Employer Identification Number 35314 for the period of October 2017 through July 2018 for work performed under the Collective Bargaining Agreement within the jurisdictions of International Union of Operating Engineers Local Union No. 99.

16. The results of the audit revealed that during various months within the period of October 2017 through July 2018, the Defendant failed to pay contributions owing to the Plaintiff under the Collective Bargaining Agreement in the total amount of $9,535.67 for the audited job location.

17. The Defendant failed to pay the amount of contributions owing to the Plaintiff as revealed by the audit.

18. By virtue of the failure to pay all amounts as contractually required, the Defendant is in contravention of the Collective Bargaining Agreement, the obligations

under the Plaintiff's Restated Agreements and Declarations of Trust, and Section 515 of ERISA.

19.  The Defendant has failed to pay liquidated damages and interest for unpaid contributions owed to the Plaintiff, as well as the cost of the audit.

20.  The Plaintiff is entitled to judgment for all contributions which are owed, become due, or are estimated to be due, subsequent to the filing of this action, during the pendency of this action, and up to the date of judgment, plus all unpaid liquidated damages and interest owed on the unpaid contributions, attorneys' fees, audit fees, and costs against the Defendant.

**WHEREFORE,** Plaintiff prays judgment against the Defendant on Count I of the Complaint as follows:

A.  For unpaid contributions due and owing to the Plaintiff for work performed within the jurisdictions of International Union of Operating Engineers Local Union No. 99 on the audited account during various months within the period of October 2017 through July 2018 in the amount of $9,535.67 for Employer Identification Number 35314.

B.  For all contributions which become due, or are estimated to be due, subsequent to the filing of this action, during the pendency of this action, and up to the date of judgment.

C.  For liquidated damages and interest for any unpaid contributions owed as provided for in the Plaintiff's Restated Agreements and Declarations of Trust and pursuant to 29 U.S.C. § 1132(g)(2), up to the date of judgment.

D.  For reasonable attorneys' fees, audit fees and costs, as required by the Plaintiff's Restated Agreements and Declarations of Trust and 29 U.S.C. § 1132(g)(2), up to the date of judgment.

E.  Such further relief as the Court deems appropriate.

                    Respectfully submitted,

Dated: <u>November 6, 2019</u>    By:   <u>/s/ Charles W. Gilligan</u>
                                     Charles W. Gilligan (Bar No. 394710)
                                     **O'DONOGHUE & O'DONOGHUE LLP**
                                     5301 Wisconsin Avenue, N.W., Suite 800
                                     Washington, D.C. 20015
                                     Telephone: (202) 362-0041
                                     Facsimile: (202) 237-1200

                                     *Attorneys for the Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that I caused a true and correct copy of the foregoing Complaint to be served by certified mail in accordance with the requirements of Section 502(h) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1132(h) this 6th day of November, 2019 on the following:

> The Office of Division Counsel
> Associate Chief Counsel (TE/GE) CC:TEGE
> Room 4300
> 1111 Constitution Avenue
> Washington, DC  20224
>
> Secretary of Labor
> 200 Constitution Ave., N.W.
> Washington, DC  20210
>
> Attention:  Assistant Solicitor for
>         Plan Benefits Security

/s/ Charles W. Gilligan
Charles W. Gilligan
